FILED

2003 NOV 6  2 52 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN S. CUTLER | : | NO.: 3:02CV1939 (GLG) |
| VS. | : | |
| WILLIAM PROULX, ET AL. | : | NOVEMBER 3, 2003 |

### OBJECTION TO DEFENDANTS' MOTION TO COMPEL

On or about October 3, 2003, the defendants in the above-captioned action, filed a Motion to Compel seeking production of attorney invoices for legal services the Plaintiff received, medical and psychological records, and employment records of the Plaintiff. Defendants also seek medical authorizations to be executed in favor of the Defendants. As Plaintiff has complied with or has requested the documents Defendants seek in their production requests, the Defendants' Motion to Compel is essentially moot.

### I.   FACTUAL & PROCEDURAL BACKGROUND

1.   On or about November 6, 2001, Plaintiff's complaint alleges he suffered serious and permanent injuries as a result of being beaten by two East Hartford Police Officers, and mauled by a trained police dog released by these Defendants during a routine traffic stop on Ellington Road in East Hartford, Connecticut.

2. The complaint further alleges the unreasonable use of force by the defendants, false arrest, and illegal search in violation of the Plaintiff's Constitutional rights, as well as the existence of a policy of deliberate indifference on the part of the Defendant Town of East Hartford Police Department which constituted the moving forcing behind such violations of the Plaintiff's Constitutional rights.

3. Defendants have filed interrogatories and production requests, seeking, inter alia, signed authorizations from the Plaintiff authorizing Defendants to access his medical and employment records.

4. The Plaintiff objected to providing the signed authorizations, but did not object to providing the medical and employment records sought by Defendants' discovery requests, as received, within a reasonable time frame.

5. Plaintiff has made requests for all records from all treating physicians, psychologists and employers which Defendants sought in their discovery request.

6. Plaintiff has already provided Defendant with all medical records from his hospitalization arising out of the incident in issue. On or about September 17, 2003, pursuant to Rule 26(e), Plaintiff provided Defendants with all medical records from his treating physician, Dr. Ernest Squatritto.

7. Plaintiff identified his previous employers in response to Defendants' First Set of Interrogatories. He has made formal requests for his personnel files from each employer identified therein. Plaintiff's counsel has recently received Plaintiff's employment records

from certain employers identified by the Plaintiff. On or about October 31, 2003, pursuant to Rule 26(e), Plaintiff provided Defendants with his entire personnel files from two former employers identified in response to Defendants interrogatories.

8. Plaintiff will continue to provide Defendant with the requested medical and employment records as he receives them from each former employer and treating physician/psychologists.

9. Plaintiff withdrew his objection to Defendant's Production Request 8, seeking invoices generated by any attorney who represented him in any Criminal charges filed by Defendant which relate to the subject matter of this lawsuit.

## II.   **REQUESTS PURPORTEDLY IN DISPUTE**

Defendants contend that the following production requests remain in dispute: Request 8 from their First Set of Production Requests (Defendants' Exhibit A); Requests 2, 3 and 6 from their Second Set of Production Requests (Defendants' Exhibit D).

The Plaintiff has provided, and will continue to diligently provide the requested documents, as required. In essence, Defendants' Motion to Compel is moot, as they are receiving such documents, all of which the Plaintiff previously requested. However, Plaintiff continues to object to the execution and provision of medical authorizations in favor of Defendant. Plaintiff has already executed authorizations in favor of his attorneys for the discovery sought by Defendants, and his attorneys have provided and continue to provide Defendants with the documents as they are received from treating physicians, psychologists

and former employers. Defendants do not cite to any binding authority that requires Mr. Cutler to execute medical or employment authorizations in favor of the Defendant. Mr. Cutler has and will provide the complete records requested.

The pertinent discovery provisions require that the party from whom discovery is sought provide discoverable materials in a reasonable and good faith manner. This, the Plaintiff has done and will continue to do. There is no requirement that the Plaintiff provide the materials in the exact manner requested. Indeed, since the Defendants are requesting sensitive medical and psychological materials that are presumptively privileged, but for the bringing of the instant lawsuit, the more reasonable method of production is to let the Plaintiff order his records first for two essential reasons. First, such a method ensures that the Defendants do not receive sensitive medical or psychological records, which were never sent to the Plaintiff. Second, it also ensures that privileged, undiscoverable medical and/or psychological records are not inadvertently sent to the Defendants.

The cases cited by Defendants as purporting to require Plaintiff to provide medical authorizations for the Defendants are not applicable to this matter. The Plaintiff is providing Defendant with complete medical records as requested. *Cf.* Everhart v. National Railroad Passenger Corp., No. IP01-1221-C-H/K (S.D. Ind. 2003) (Defendant sought to conduct *ex parte* interview of Plaintiff's medical providers; Plaintiff did not file an objection and waived any claim of privacy); Davis v. Berge, 01-C-265-C (W.D. Wis. 2002) (Plaintiff refused to

provide medical records in any form); Shots v. CSX Transp., Inc., 887 F. Supp. 206, 207 (S.D. Ind. 1995) (Defendants sought *ex parte* communications with plaintiff's physician).

### III.    CONCLUSION

The Plaintiff has already provided, and is in the process of providing the documents requested by Defendants First and Second Requests for Production. Defendants' Motion to Compel is essentially moot.

Dated at New Britain, Connecticut, this 3rd day of November 2003.

**PLAINTIFF, KEVIN CUTLER**

BY: /s/ David K. Jaffe
David K. Jaffe of
Eisenberg, Anderson,
Michalik & Lynch LLP
Fed. Bar No. 04640
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Telephone: (860) 229-4855
Fed Bar #04640

**CERTIFICATION**

This is to certify that a copy of the foregoing objection was mailed, postage prepaid, on this 3rd day of November 2003 to the following counsel of record:

Daniel C. DeMerchant, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

/s/ David K. Jaffe
David K. Jaffe