## Connecticut Trial Ct. Unpublished Decisions

LIPKA v. MADOULE, No. CV99-0428311S (Dec. 17, 2001)

ALFRED LIPKA v. DAVID MADOULE, ANTHONY DELUISE AND TOWN OF NORTH BRANFORD.

*2001 Ct. Sup. 17101*

No. CV99-0428311S

Superior Court

Judicial District of New Haven at New Haven.

December 17, 2001

### MEMORANDUM OF DECISION
### (MOTION FOR SUMMARY JUDGMENT)

ARNOLD, JUDGE.

Pursuant to Practice Book § 17-44 et seq., the defendants, Madoule, DeLuise and North Branford have filed a motion for summary judgment regarding the First and Second Counts of the plaintiff's complaint dated June 29, 1999, bearing a return date of August 3, 1999. The defendants claim that said action is barred by the doctrine of governmental immunity and that the claim against the defendant North Branford pursuant to General Statutes § 7-465, is derivative to the negligence claim against defendants DeLuise and Madoule and, thus, must fail as a matter of law.

The plaintiff allegedly sustained physical injuries on or about July 4, 1997, when he was struck in the head by a pyrotechnic firework while he assisted in igniting a fireworks display at 516 Totoket Road, North

Branford, Connecticut. The plaintiff was a guest at this residence, attending a July 4th party. The owner of said residence did not possess a permit to conduct a fireworks display.

Acting upon a complaint regarding a fireworks display at 516 Totoket Road, the North Branford Police Department dispatched the defendant,
CT Page 17102
DeLuise, a police officer, to the residence to investigate the complaint. Upon his arrival DeLuise, exited his police vehicle near the driveway area of 516 Totoket Road. Noticing no audible or visual signs of a fireworks display in this area, defendant DeLuise re-entered his vehicle, left the area, and responded to another fireworks complaint. DeLuise did not physically enter onto the premises at 516 Totoket Road to investigate further or to question the homeowners regarding the fireworks complaint. DeLuise left the 516 Totoket Road location for another location near Marjorie Drive, North Branford, where he was met by a fellow police officer, defendant Madoule. While at this second location DeLuise and Madoule became involved in an enforcement action resulting in the seizure of illegal fireworks. However, upon leaving this second location, DeLuise and Madoule were ordered to return to 516 Totoket Road to respond to another complaint regarding a fireworks display.

Upon their arrival at 516 Totoket Road, the two defendants were notified of an injury having occurred at this location. Upon entering onto the subject property, the two defendants discovered that the plaintiff had sustained physical injuries. Defendant DeLuise administered First Aid to the plaintiff, and defendant Madoule began his investigation of the incident.

As a result of this incident, the plaintiff has filed an action alleging negligence against DeLuise and Madoule, in that they failed to break up the illegal fireworks show upon arriving on the scene; they failed to perform a ministerial act which they are empowered to perform by law; and that they failed to take action, even though circumstances of perceptible imminent harm to a crowd of people existed. As to defendant, North Branford, the plaintiff claims that pursuant to General Statutes § 7-465[fn1], North Branford is liable to pay damages on behalf of

its employees who become liable by law to a plaintiff for physical damages to person or property.

The defendants in arguing for summary judgment claim that the acts of the defendants in investigating the complaint of a fireworks display were governmental acts which they performed in a discretionary manner. The investigation of these complaints were not ministerial, to be performed in a prescribed manner without the exercise of judgment or discretion. As to the claim against North Branford, pursuant to General Statutes § 7-465, the defendants claim that this statutory action is derivative. Municipal liability against North Branford can only be predicated on a prior finding of individual negligence by the employee and North Branford's municipal employment relation with the employee. *Kaye v. Manchester*, 20 Conn. App. 439, 443-444 (1990). Thus, if suit against the employees fails, the claim against the municipality is moot and must also fail.

CT Page 17103

In opposing the defendants' defense of governmental immunity for discretionary acts, the plaintiff argues that under the circumstances prevailing on July 4, 1997 at 516 Totoket Road, North Branford, he was an "identifiable person who was subjected to imminent harm by the defendants' DeLuise and Madoule's failure to thoroughly investigate the initial fireworks complaint at 516 Totoket Road. The plaintiff claims that this failure to protect him from imminent harm at this fireworks display, is an exception to governmental immunity. The plaintiff further argues that as a guest at this display at a private residence he was not only an identifiable person subject to imminent harm, but a foreseeable victim.

"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." *Wilson v. New Haven*, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Hertz Corp. v. Federal Ins., Co.*, 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact,

but rather to determine whether any issues exist. *Nolan v. Borkowski*, 206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Hertz Corp. v. Federal Ins. Corp.*, supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." *Suarez v. Dickinont Plastics Corp.*, 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. *Connell v. Colwell*, 214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. *Santopietro v. New Haven*, 239 Conn. 207, 225 (1996).

"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortuous conduct. The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." *Purzycki v. Fairfield*, 244 Conn. 101, 107 (1998). "A municipal employee is liable for the misperformance of ministerial acts, but has qualified immunity in the performance of governmental acts." *Mulligan v. Rioux*, 229 Conn. 716, 727 (1994)." Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. In contrast, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Gauvin v. New Haven*, 187 Conn. 180, 184 (1982). Municipal
CT Page 17104
employees are entitled to governmental immunity for acts which require the sound exercise of discretion. *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 180-181 (1988).

Courts have recognized three exceptions where a municipal employee or official can be held liable when performing a discretionary act. They are: "first where the circumstances make it apparent to the public official that his or her failure to act would be like to subject an identifiable person to imminent harm . . .; second, where a statute specifically provides for a cause of action against a municipality or

municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than mere negligence." *Purzycki v. Fairfield*, supra at 108.

Policing the community and investigating those who break the law is a governmental function which requires the exercise of discretion. *Gordon v. Bridgeport Housing Authority*, supra at 180-181. The process by which a police officer decides to make an arrest or conduct an investigation involves discretionary acts. *Anderson v. City of New London*, 2000 Ct. Sup. 2609, judicial district of New London at New London (Corradino, J., February 24, 2000); *Castorina v. Stewart*, 1998 Ct. Sup. 9118, judicial district of Fairfield at Bridgeport (Skolnick, J., June 3, 1998); *Elinsky v. Marlene*, 1997 Ct. Sup. 11144, judicial district of Hartford-New Britain at New Britain (Hale, JTR, October 31, 1997).

The investigation of a fireworks complaint is a governmental function which requires the discretion of the investigating officers. At all times mentioned in the Amended Complaint, the defendants DeLuise and Madoule were acting within the scope of their employment and performing their duties as police officers for the North Branford Police Department.

Having concluded that the actions of the two defendants DeLuise and Madoule were governmental acts requiring the exercise of discretion and not ministerial acts, the court must decide whether the plaintiff falls within the first exception to governmental immunity, the identifiable person — imminent harm exception.

Plaintiff argues that he was among a group of 100 to 200 persons who gathered at 516 Totoket Road to view the fireworks display. Plaintiff argues that thus, he, was among a small class of foreseeable victims in the area of this illegal fireworks display. He argues that the defendants could have foreseen that anyone in the immediate area of such a large fireworks display including the plaintiff, might have been hurt. He claims the defendants should have been aware, or were aware of the

magnitude of the danger. The plaintiff has criticized the defendants for not discovering a large gathering of 100 to 200 persons, yet he
CT Page 17105
alternately argues that he was among a small class of foreseeable victims "as one of the few people in the area of the illegal fireworks display."

The plaintiff cites *Burns v. Board of Education*, 228 Conn. 640 (1994) to advance his argument that this incident is an example of the exception to municipal immunity. He states that imminent harm can be defined as a dangerous condition that was limited in duration and geographical scope, such as this fireworks display at a private residence. However, the instant case differs from the subject matter discussed in *Burns v. Board of Education*, supra 640. In that case the injured party was a student who was required by law to attend school and was under the administration and protection of the school. The student could not leave school, and therefore, the school owed a duty to the student to protect the student from conditions rendering the school grounds unsafe.

The court can consider whether the relationship of the plaintiff with his hosts on July 4, 1997 was voluntary. The court can also consider the seriousness of the injury threatened . . . the duration of the threat of injury . . . and whether the plaintiff had the opportunity to protect himself from harm. *Fortune v. City of New London*, 2000 Ct. Sup. 16933, judicial district of Middlesex at Middletown, (Shapiro, J., December 14, 1999) citing *Burns v. Board of Education*, supra at 647-648.

The court finds that the plaintiff voluntarily attended the party on the Fourth of July, as a guest of the homeowners. He had the option not to participate in the viewing of the fireworks or the igniting of the fireworks. He was not compelled to participate in the igniting of the fireworks which injured him. His own judgment, or lack thereof, played a critical part in his well-being.

When defendant DeLuise arrived at 516 Totoket Road on the first occasion, he did not find an indication of a fireworks display in progress at that location. When he discovered a fireworks display a distance from 516 Totoket Road, he and defendant Madoule proceeded to

that location and did confiscate fireworks. On the second visit to 516 Totoket Road, the defendants DeLuise and Madoule did view an illegal fireworks display. It was at this time that the plaintiff was injured, concurrent with the defendants arrival at the scene. The defendant police officers noted the plaintiff's injuries and administered First Aid when they arrived on this second occasion.

The defendants DeLuise and Madoule, as police officers performing their governmental duties, are deemed immune from liability as to the plaintiff's claims based on negligence. Where the plaintiff alleges facts in dispute, the question of whether governmental immunity applies is a question of law for the court to decide. *Purzycki v. Fairfield*, supra at
CT Page 17106
107-108. The question of whether the plaintiff himself falls within the first exception to governmental immunity is a question of law not fact.

As the court has determined that the plaintiff's claims against the defendants DeLuise and Madoule fail as a matter of law, the plaintiff's claim against the defendant Town of North Branford must also fail. Since there is no underlying liability against the two defendant police officers, there can be no liability for North Branford to indemnify for. "Any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee. . . ." *Wu v. Town of Fairfield*, 204 Conn. 435, 438 (1987). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach, thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." *Sestito v. Groton*, 178 Conn. 520, 527 (1979). "The municipality's liability is derivative." *Kay v. Manchester*, 20 Conn. App. 439, 443-444 (1990).

Accordingly, for the reasons set forth herein, the motion for summary judgment in behalf of the defendants DeLuise, Madoule and North Branford is hereby granted.

The Court

by _____
  Arnold, J.

[fn1] § 7-465 provides in relevant part:

(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to section 22a-60 1, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury
CT Page 17107
or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent, shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. This section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough. Any employee of such municipality, although excused from official duty at

the time, for the purposes of this section shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law. Such municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such employee. No mention of any kind shall be made of such statement by any counsel during the trial of such action. As used in this section, "employee" shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board and (2) a member of the local emergency planning committee from such municipality appointed pursuant to section 22a-60 1. Nothing in this section shall be construed to abrogate the right of any person,
CT Page 17108
board or commission which may accrue under section 10-235.

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved

## Connecticut Trial Ct. Unpublished Decisions

MIKITA v. BARRE, No. CV99-0430564 (May 22, 2001)

STANLEY MIKITA v. FRANK BARRE ET AL.

*2001 Ct. Sup. 6074*

No. CV99-0430564

Superior Court

Judicial District of New Haven at New Haven.

May 22, 2001

**MEMORANDUM OF DECISION**

CT Page 6075

MUNRO, JUDGE.

On November 17, 1997, the plaintiff, Stanley S. Mikita II thought he went to the United States Package Office in Milford, Connecticut. Mr. Mikita thought he was responding to a notice received at his home that there was an oversized package waiting for him. Upon request, Mr. Mikita presented his identification. He was then escorted into a back room. There, he was placed under arrest. He was handcuffed. Mr. Mikita suspected that he was arrested by mistake, in lieu of his son who carries the same name, Stanley Mikita. He implored the arresting individuals to check his birth date. Approximately ten minutes later, it was determined that the wrong person had been arrested and Stanley S. Mikita II was released from police custody. He went about the rest of his day's errands. He also stopped to see a lawyer on the way home to consult about the day's events. From that consultation he was referred to his present counsel and this lawsuit ensued. Mr. Mikita missed no time from work as a

result of the arrest incident. He sought no medical, psychological, psychiatric or other counseling treatment as a result of this incident.

The plaintiff, Stanley Mikita II brought this complaint in three counts against officers of several police departments who had cooperated in a police dragnet operation intended to bring in many individuals for arrest who were subject to outstanding arrest warrants. The defendants Morrin, Kimbal and Reshotnik are officers of the Town of Orange Police Department; the defendant Barre is an officer of the Town of Milford Police Department, the defendant Lukiwski is an officer of the Town of Woodbridge Police Department and the defendant Nilan is an officer of the Town of Stratford Police Department. In his lawsuit, the plaintiff's first count is in negligence, the second count sounds in negligent infliction of emotional distress and the third count is a claim of intentional infliction of emotional distress. The defendants have answered with denials and special defenses which include the defense of governmental immunity.

The court has before it three motions for summary judgment (#115, 116, and 118) filed on behalf of the defendants Nilan, Lukiwski, Barre, Morrin, Kimbal and Reshotnik. They all raise the same essential claims: that they are beneficiaries of governmental immunity as to the first two counts, that their respective behaviors were not, as a matter of law, extreme or outrageous as to the third count. The plaintiff resists these motions. In order to dispose of these motions further factual details are needed.

The defendants in this lawsuit were police officers who escorted Mr. Mikita in the back room, arrested and handcuffed him and then held him in custody until his release approximately ten minutes later. They were not
CT Page 6076
at the desk where Mr. Mikita's identification was requested and examined.

After it was over, the

# Connecticut Trial Ct. Unpublished Decisions

BARBARA ANDERSON v. CITY OF NEW LONDON, No. 541273 (Mar. 4, 1999)

BARBARA ANDERSON A/K/A BARBARA MAHONEY INDIVIDUALLY AND AS

ADMINISTRATOR OF THE ESTATE OF ERIK ANDERSON v. CITY OF

NEW LONDON

*1999 Ct. Sup. 2847*

No. 541273

Superior Court

Judicial District of New London at New London

March 4, 1999

### MEMORANDUM OF DECISION

HURLEY, JUDGE TRIAL REFEREE.

### Facts

On or about October 21, 1995, the plaintiff, Barbara Anderson, and the decedent, Erik Anderson, were allegedly arrested and brought into the custody of the New London Police Department. While in custody, the decedent, Erik Anderson, died
CT Page 2848
allegedly from self-asphyxiation. On February 21, 1997, the plaintiff, individually and as administratrix of the decedent's estate, brought an action solely against the City of New London seeking damages for the events which occurred on or about October

21, 1995.

The plaintiff's thirteen-count complaint is structured so that the first seven counts (counts one through seven) are on behalf of the decedent, Erik Anderson, and the remaining six counts (counts eight through thirteen) are on behalf of Barbara Anderson, individually and as administratrix of the decedent's estate.

The first through sixth counts seek damages for the personal injuries, death, false arrest, false imprisonment and infliction of emotional distress of the decedent, and request municipality indemnification pursuant to General Statutes § 7-465. The seventh count alleges a violation of 42 U.S.C. § 1983. The eighth count does not independently state a legal cause of action, but alleges that the plaintiff was appointed administratrix of the decedent's estate, and that she and the decedent were concurrently taken into custody by the New London Police Department. The ninth, eleventh and twelfth counts allege, respectively, false arrest, false imprisonment and infliction of emotional distress. The tenth count alleges that the conduct of the defendant's employees was neither wanton nor wilful, and requests relief pursuant to § 7-465. The thirteenth count alleges a violation of 42 U.S.C. § 1983.[fn1]

On December 14, 1998, the plaintiff filed a request for leave to amend the complaint. The defendant filed an objection to the plaintiff's request on December 24, 1998.

The plaintiff's proposed amended complaint contains a total of seven counts against the defendant, the City of New London. Counts one through four are asserted on behalf of the decedent, Erik Anderson, for wrongful death, false arrest, false imprisonment and infliction of emotional distress. Counts five through seven are asserted on behalf of the plaintiff, Barbara Anderson, for false arrest, false imprisonment and infliction of emotional distress.

## Discussion

The defendant argues that the plaintiff should not be able to
CT Page 2849
amend her complaint because the statute of limitations has
expired. That is, the events giving rise to her cause of action
occurred on or about October 21, 1995, and the plaintiff filed
her request to amend the complaint on December 14, 1998 — beyond
the three-year statute of limitations period.[fn2] In addition,
the defendant argues that the amended complaint cannot relate
back to the original date of filing because the plaintiff asserts
new causes of action under a "new" statute.

"Amendments relate back to the date of the complaint unless
they allege a new cause of action. . . . [A]n amendment to a
complaint which sets up a new and different cause of action
speaks as of the date when it is filed." (Citations omitted.)
Keenan v. Yale-New Haven Hospital, 167 Conn. 284, 285,
355 A.2d 253 (1974). "Therefore, if the amended complaint alleges a new
cause of action, the proposed amendment will be barred by the
statute of limitations. If, however, the proposed amendment
relates back to the original complaint, it is not time barred."
Amaya v. Stamford Propane Inc., Superior Court, judicial district
of Stamford/Norwalk at Stamford, Docket No. 139954 (June 5, 1998,
D'Andrea), citing Gurliacci v. Mayer, 218 Conn. 531, 546,
590 A.2d 914 (1991).

"A cause of action is that single group of facts which is
claimed to have brought about an unlawful injury to the plaintiff
and which entitles the plaintiff to relief. . . . It is proper to
amplify or expand what has already been alleged in support of a
cause of action, provided the identity of the cause of action
remains substantially the same, but where an entirely new and
different factual situation is presented, a new and different
cause of action is stated." (Citations omitted; internal
quotation marks omitted.) Gurliacci v. Mayer, supra,

218 Conn. 546-47. "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings. . . . Another approach . . . is to determine whether the adverse party . . . ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct transaction or occurrence set forth in the original pleading might be called into question." (Citations omitted; internal quotation marks omitted.) Elhage v. King Conn. Enterprises, Superior Court, judicial district of Danbury, Docket No. 320137 (April 26, 1996, Stodolink, J.) (16 Conn. L. Rptr. 639).
CT Page 2850

In the present case, the plaintiff's proposed amended complaint alleges facts identical to the original complaint. Therefore, the plaintiff does not present "an entirely new and different factual situation" in her proposed amended complaint. See Gurliacci v. Mayer, supra, 218 Conn. 547. Applying the tests in Elhage v. King Conn. Enterprises, supra, the evidence that supports the facts alleged in the amended complaint could have been introduced under the former complaint as well. In addition, the defendant could have reasonably anticipated the plaintiff's decision to switch its theory of the defendant's liability from General Statutes § 7-465 or 42 U.S.C. § 1983 to an ordinary common law action. In short, the alleged facts giving rise to the plaintiff's causes of action have remained constant throughout the case.

### Conclusion

Because the plaintiff's proposed amended complaint does not present a new and different cause of action, the amendment relates back to the date of the original complaint. The amended complaint, therefore, is not time barred by the statute of limitations.

Accordingly, the court grants the plaintiff's request for leave to amend the complaint.

D. Michael Hurley, Judge Trial Referee

[fn1] The plaintiff voluntarily withdrew its § 7-465 and 42 U.S.C. § 1983 claims against the defendant. The plaintiff states: "To the extent that the Complaint attempts to impose the duty of indemnification upon the defendant municipality [under § 7-465], those causes of action may be removed from this case because no individuals were sued in their own names. Thus indemnification is not applicable. In addition, no actions pursuant to 42 U.S.C. § 1983 will be prosecuted by the plaintiffs." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment (#125), pp. 10-11

[fn2] Section 52-577 of the General Statutes provides for a three-year general tort limitations period. A wrongful death action, governed by § 52-555, also prescribes a three-year limitations period.
CT Page 2851

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved

## Connecticut Trial Ct. Unpublished Decisions

CASTORINA v. STEWART, No. CV95 032 44 87 (Jun. 3, 1998)

MARIA CASTORINA VS. PAMELA STEWART

*1998 Ct. Sup. 9118, 22 CLR 1*

No. CV95 032 44 87

Superior Court

Judicial District of Fairfield at Bridgeport

June 3, 1998

### MEMORANDUM OF DECISION
### MOTION FOR SUMMARY JUDGMENT #110

SKOLNICK, J.

The plaintiffs, Maria and Frank Castorina Jr.[fn1] filed a two-count complaint against the defendants, Pamela Stewart (Stewart) and the City of Bridgeport (city), on June 30, 1995. The plaintiffs allege that on October 23, 1990, Maria Castorina was assaulted and falsely arrested by Stewart, a police officer for the city. As a result of the assault and arrest, the plaintiffs were injured. The plaintiffs also seek relief from the city pursuant to General Statutes § 7-465.[fn2]

On February 13, 1997, the defendants filed a motion for summary judgment, on the grounds that the plaintiffs' claims had already been litigated in a suit brought in the United States Federal Court for the District of Connecticut, and that the defendants are immune from suit. The plaintiffs filed an amended